Per Curiam.

Section 12 of the Membership Corporations Law provides for the incorporation of unincorporated associations, whereupon the members of any such association become members of the corporation so created, and all property owned by or held for the unincorporated association becomes vested in the corporation.
Subdivision 9 of section 11 requires that the certificate of incorporation of an existing unincorporated association shall have annexed thereto an affidavit of at least five of the subscribers of such certificate stating that the purposes are the same as those of the unincorporated association, and “ that the subscribers of such certificate constitute a majority of the members of a committee authorized to incorporate such association, society, league or club, by vote as required by the organic law of the association, society, league or club for the amendment of such organic law.”
There being no constitution or by-laws of the unincorporated association known as Heights Democratic Club, it is assumed that a vote of a majority of the members of the club, at a meeting duly called and held, would be sufficient to authorize the taking of the action above described. There being no provision in constitution or by-laws specifying the time or manner of giving the notice of such meeting, it is required to be given a reasonable time before the date of the meeting.
The notice that was given appears to have been defective in that it stated adequately neither the time, place nor purpose of the meeting. It was mailed but two days before the meeting was held, which was not a reasonable length of time to give notice to the members. There is considerable doubt that this notice was sent to all of the members of this unincorporated association insofar as they were known and could have been identified.
The judgment appealed from should be reversed, and a new meeting to vote upon incorporation ordered to be called and held, in accordance with directions of Special Term, which shall, by an order entered hereon and after hearing the parties in reference thereto, specify the form and manner of giving such notice and the time and place of the meeting. The records of said association are so disorganized that notice of such meeting should be given to all persons who may possibly be members according to any records that have been kept. If any nonmembers appear at the meeting and attempt to vote, their votes may then be challenged and the challenges passed upon by the presiding officer at the meeting or reviewed in court by the customary procedure.
The judgment appealed from should be reversed in accordance with the foregoing, with costs to the appellant Guy R. Brewer.
Peck, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed in accordance with opinion, with costs to the appellant Guy R. Brewer. Settle order on notice.